# EXHIBIT A

GEORGIA, ___CHEROKEE___ COUNTY

STATE COURT OF ___CHEROKEE___ COUNTY

_____
**Civil Division**

DO NOT WRITE IN THIS SPACE

**CIVIL ACTION FILE NO.**

22SCE0739

_JEREMY SMITH_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

ACS TRANSPORT, LLC, NATIONAL CONTINENTAL

INSURANCE COMPANY, PROGRESSIVE MOUNTAIN

INSURANCE COMPANY AND KASAP ZEKERIYA

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:___Singleton Law Firm, LLC_____

Address:_8425 Dunwoody Pl_____

City, State, Zip Code:Atlanta, Georgia 30350_____     Phone No.:___(770) 889-6010_____

an answer to the complaint, which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint,

This ___26___ day of ___AUGUST___ ___2022___ .

Clerk of Superior/State Court

By:___/s/ Bett Webb_____

Deputy Clerk

State Court of Cherokee County
**E-Filed**
22SCE0739
8/26/2022 12:04 PM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

JEREMY SMITH,

           Plaintiff,

vs.

ACS TRANSPORT, LLC, NATIONAL
CONTINENTAL INSURANCE CO.,
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY and KASAP ZEKERIYA,

           Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

22SCE0739

## COMPLAINT

COMES NOW Jeremy Smith, Plaintiff, and makes and files this complaint against Defendants ACS Transport, LLC, National Continental Insurance Co., Progressive Mountain Insurance Company and Kasap Zekeriya as follows:

## PARTIES, SERVICE, AND JURISDICTION

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to the jurisdiction of this court. The collision happened in the state of Georgia on Hwy 92 at the intersection of Northpoint Parkway in Cherokee County, Georgia. Plaintiff is subject to the jurisdiction of this Court and submits himself to the venue of this Court.

2.

Defendant ACS Transport, LLC. ("ACS") is a foreign corporation, existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey at 133 Park Avenue, Jackson, NJ 08527. Defendant ACS is a for-hire, interstate motor carrier transporting goods regularly through Cherokee County. Defendant ACS's truck and trailer was

involved in an accident in this Court's jurisdiction. Defendant ACS may be served with a Summons and Complaint via the long-arm statute, O.C.G.A. § 9-10-90 through O.C.G.A. § 9-10-94 through its Registered Agent, Sonay Tepe at 133 Park Avenue, Jackson, NJ 08527. Alternatively, service is proper on the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 et. seq. and/or any applicable provisions under Georgia law. Once served, Defendant ACS, is subject to the jurisdiction and venue of this court.

3.

Defendant National Continental Insurance Co. ("National Continental") is a for-profit corporation, which is authorized to transact business in Georgia. Defendant National Continental has transacted business within the state of Georgia and within the venue of this Court, currently transacts business within the state of Georgia and within the venue of this Court and has an office within the venue of this Court. Thus, venue is proper as to Defendant National Continental in this Court. Defendant National Continental was the insurer/surety for Defendant ACS on and before the date of the incident at issue. Therefore, pursuant to Georgia's Direct-Action Statutes, O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112, Defendant National Continental is a proper party in this action. Defendant National Continental may be served with a Summons and Complaint via its Registered Agent, as of the date of the filing of this Complaint, CT Corporation System, 289 South Culver St, Gwinnett County, Lawrenceville, Georgia, 30046-4805.

4.

Defendant Progressive Mountain Insurance Company ("Progressive Mountain") is a for-profit corporation, which is authorized to transact business in Georgia. Defendant Progressive Mountain has transacted business within the state of Georgia and within the venue of this Court, currently transacts business within the state of Georgia and within the venue of this Court and

has an office within the venue of this Court. Thus, venue is proper as to Defendant Progressive Mountain in this Court. Defendant Progressive Mountain was the insurer/surety for Defendant ACS on and before the date of the incident at issue. Therefore, pursuant to Georgia's Direct-Action Statutes, O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112, Defendant Progressive Mountain is a proper party in this action. Defendant Progressive may be served with a Summons and Complaint via its Registered Agent, as of the date of the filing of this Complaint, CT Corporation System, 289 South Culver St, Gwinnett County, Lawrenceville, Georgia, 30046-4805.

5.

Defendant Kasap Zekeriya ("Zekeriya") is a resident of the State of New Jersy and may be served at his resident address at 257 7th Street, Clifton, NJ 07011 and is subject to the jurisdiction of this court. Defendant Zekeriya was negligent or reckless in the driving and operation of a truck owned by ACS in Cherokee County, Georgia, on or around December 13, 2021. Such negligence or recklessness caused serious injury to Plaintiff and his property. Service is proper on the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 et. seq. and/or any applicable provisions under Georgia law. Once served, Defendant Zekeriya is subject to the jurisdiction and venue of this court. Plaintiff also will send a copy of the complaint and documents attached to Defendant Zekeriya's address 257 7th Street, Clifton, NJ 07011, via certified mail.

6.

Defendants ACS, National Continental, Progressive Mountain and Defendant Zekeriya are joint tortfeasors.

7.

The wreck at issue occurred in Cherokee County, Georgia. Therefore, pursuant to O.C.G.A. §40- 1-117(b), and O.C.G.A. § 9-10-90 through O.C.G.A. § 9-10-94, venue as to Defendant ACS, Defendant National Continental, Defendant Progressive Mountain and Defendant Zekeriya is proper in Cherokee County.

8.

Jurisdiction and venue are proper in this court as to all Defendants.

## **BACKGROUND & FACTS**

9.

On or about December 13, 2021, Plaintiff was traveling south in a vehicle on HWY 92 at the intersection of Northpoint Parkway in Cherokee County, Georgia.

10.

Suddenly and without warning, a truck and car-hauler trailer driven by Defendant Zekeriya attempted to turn left at the intersection in front of Plaintiff's vehicle. Plaintiff was unable to avoid the Defendant's truck and trailer and struck it with his vehicle.

11.

As a result of Defendants' actions and the resulting collision, Plaintiff suffered serious bodily injuries.

12.

Defendant Zekeriya's inattentiveness, failure to yield-left turn, and otherwise negligent and/or reckless driving caused the collision and incident at issue.

13.

At the time of this incident, Defendant Zekeriya was operating the truck for and within the course and scope of his employment with Defendant ACS.

14.

At the time of this incident, Defendant Zekeriya was piloting a commercial truck/trailer owned and operated by Defendant ACS.

## COUNT I & II – NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT ZEKERIYA

15.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs as if fully restated.

16.

Defendant Zekeriya was negligent in making an improper left turn, failing to yield the right of way, and failing to keep a proper look out for vehicles on the roadway.

17.

Defendant Zekeriya was negligent in colliding with Plaintiff's vehicle.

18.

Defendant Zekeriya's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

19.

Defendant Zekeriya was negligent and/or reckless in the operation of the truck in, among other ways:

(a) Failing to yield to Plaintiff;

(b) Failing to yield while turning left;

(c) Failing to keep a lookout for other vehicles;

(d) Failing to perform a proper visual search;

(e) Failing to properly manage his space;

(f) Causing a collision to occur with the vehicle being operated by Plaintiff;

(g) Failing to drive defensively;

(h) Failing to operate the commercial vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;

(i) Failing to adhere to safe driving principles expected of commercial drivers;

(j) Failing to operate the commercial vehicle in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry;

(k) Failing to operate the ACS's truck/trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

(l) Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances; and

(m) Such other specifications of negligence that shall be added by amendment or proven at trial.

20.

Defendant Zekeriya breached his duties and was negligent in at least on or more of the respects described above.

21.

Additionally, Defendant Zekeriya's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care); and O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property). Each such violation constitutes negligence per se.

22.

Additionally, Defendant Zekeriya's conduct violated the Federal Motor Carrier Safety Regulations and each such violation constitutes negligence per se.

23.

Defendant Zekeriya was negligent and/or negligent per se in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

## COUNT III – IMPUTED LIABILITY

24.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

25.

At the time of the subject collision, Defendant Zekariya was under dispatch for Defendant ACS.

26.

At the time of the subject collision, Defendant Zekariya was operating his vehicle on behalf of Defendant ACS.

27.

Defendant ACS is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Zekariya in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

28.

At the time of the subject collision, Defendant Zekariya was operating a vehicle that bore a placard/sign on the door of the Vehicle, showing: ACS TRANSPORT LLC, JACKSON, NJ, DOT # 3545710, MC #1185561.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION
## BY DEFENDANT ACS TRANSPORT, LLC

29.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

30.

Defendant ACS was negligent in hiring Defendant Zekariya and entrusting him to drive a truck and car-hauler trailer.

31.

Defendant ACS was negligent in failing to properly train Defendant Zekariya.

32.

Defendant ACS was negligent in failing to properly supervise Defendant Zekariya.

33.

Defendant ACS's negligence in hiring Defendant Zekariya and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT V – DIRECT ACTION AGAINST

## DEFENDANT NATIONAL CONTINENTAL INSURANCE CO.,

34.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

35.

Defendant National Continental is subject to a direct action as the insurer for Defendant ACS pursuant to O.C.G.A. § 40-2-140.

36.

Defendant National Continental was the insurer of Defendant ACS at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation. Defendant National Continental charged its insured and had a valid MCS-90 on the policy for Defendant ACS. Defendant National Continental has denied to cover or settle this claim within policy limits multiple times despite a MCS-90 being part of the services it charged Defendant ACS for

37.

Defendants ACS and National Continental are subject to the filing requirements outlined in O.C.G.A. § 40-2-140. and/or O.C.G.A. § 40-1-112 and properly named as a Defendant herein.

38.

Defendant National Continental is responsible for any judgment rendered against Defendant ACS.

## **COUNT VI – DIRECT ACTION AGAINST**

## **DEFENDANT PROGRESSIVE MOUNTAIN INSURANCE CO.,**

39.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

40.

Defendant Progressive Mountain is subject to a direct action as the insurer for Defendant ACS pursuant to O.C.G.A. § 40-2-140.

41.

Defendant Progressive Mountain was the insurer of Defendant ACS at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation. Defendant Progressive Mountain charged its insured and had a valid MCS-90 on the policy for Defendant ACS. Defendant Progressive Mountain has denied to cover or settle this claim within policy limits multiple times despite a MCS-90 being part of the services it charged Defendant ACS for

42.

Defendants ACS, National Continental and Progressive Mountain are subject to the filing requirements outlined in O.C.G.A. § 40-2-140. and/or O.C.G.A. § 40-1-112 and properly named as a Defendant herein.

43.

Defendant Progressive Mountain is responsible for any judgment rendered against Defendant ACS.

## COUNT VII – DAMAGES

44.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

45.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

46.

As a result of Defendant's negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

47.

As a result of Defendant's negligence, Plaintiff has incurred reasonable and necessary known medical expenses to date:

| | |
|---|---|
| Wellstar Kennestone Hospital | $ 8,967.00 |
| Integrated Healthcare Center of Woodstock, LLC | $13,490.00 |
| Elite Radiology of Marietta | $ 3,900.00 |
| Quantum Radiology | $   317.75 |
| Medici Surgical Center Cobb | $ 2,467.60 |
| Preferred Pharmacy | $   787.61 |
| | **$29,929.96** |

## COUNT VIII – PUNITIVE DAMAGES

48.

Plaintiff realleges and incorporates herein the allegations contained in prior paragraphs above as if fully restated.

49.

Defendants' conduct was reckless, willful, and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

50.

Defendant National Continental charged its insured and had a valid MCS-90 on the policy for Defendant ACS. Defendant National Continental has denied to cover or settle this claim within policy limits multiple times despite a MCS-90 being part of the services it charged Defendant ACS for.

51.

Defendant Progressive Mountain charged its insured and had a valid MCS-90 on the policy for Defendant ACS. Defendant Progressive Mountain has denied to cover or settle this claim within policy limits multiple times despite a MCS-90 being part of the services it charged Defendant ACS for.

**WHEREFORE**, Plaintiff prays that he has a trial on all issues and judgment against Defendants as follows:

a.      That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b.  That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.  That Plaintiff recover such other and further relief as is just and proper

Respectfully Submitted,

**SINGLETON LAW FIRM, LLC**

/s/ Donald W. Singleton
By:  Donald W. Singleton
Attorney for Plaintiff
Georgia Bar No.: 649043

8425 Dunwoody Pl.
Atlanta, GA  30350
(770) 889-6010
Fax:  (888) 314-6165
Email: don@dwsingletonlaw.com

State Court of Cherokee County
**E-Filed**
22SCE0739
8/26/2022 12:04 PM BW
Patty Baker, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

### State Court of CHEROKEE County

| For Clerk Use Only | |
|---|---|
| Date Filed __8/26/2022__ <br> **MM-DD-YYYY** | Case Number ___22SCE0739___ |

**Plaintiff(s)**

__SMITH  JEREMY__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

__ACS TRANSPORT, LLC__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

__NATIONAL CONTINENTAL INSURANCE CO__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

__PROGRESSIVE MOUNTAIN INS CO__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

__ZEKERIYA   KASAP__

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney:** __DONALD W SINGLETON__      **State Bar Number** __649043__      **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

| General Civil Cases | |
|---|---|
| x | **Automobile Tort** |
| ☐ | **Civil Appeal** |
| ☐ | **Contempt/Modification/Other Post-Judgment** |
| ☐ | **Contract** |
| ☐ | **Garnishment** |
| ☐ | **General Tort** |
| ☐ | **Habeas Corpus** |
| ☐ | **Injunction/Mandamus/Other Writ** |
| ☐ | **Landlord/Tenant** |
| ☐ | **Medical Malpractice Tort** |
| ☐ | **Product Liability Tort** |
| ☐ | **Real Property** |
| ☐ | **Restraining Petition** |
| ☐ | **Other General Civil** |

| Domestic Relations Cases | |
|---|---|
| ☐ | **Adoption** |
| ☐ | **Contempt** |
| | ☐ **Non-payment of child support, medical support, or alimony** |
| ☐ | **Dissolution/Divorce/Separate Maintenance/Alimony** |
| ☐ | **Family Violence Petition** |
| ☐ | **Modification** |
| | ☐ **Custody/Parenting Time/Visitation** |
| ☐ | **Paternity/Legitimation** |
| ☐ | **Support – IV-D** |
| ☐ | **Support – Private (non-IV-D)** |
| ☐ | **Other Domestic Relations** |

☐  Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

**X**  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐  Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Cherokee County
\*\*E-Filed\*\*
22SCE0739
8/26/2022 12:04 PM  BW
Patty Baker, Clerk
Civil Division

**IN THE STATE COURT OF CHEROKEE COUNTY**
**STATE OF GEORGIA**

JEREMY SMITH,

                  Plaintiff,                    **JURY TRIAL DEMANDED**

vs.

ACS TRANSPORT, LLC, NATIONAL          CIVIL ACTION
CONTINENTAL INSURANCE CO.,            FILE NO.
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY and KASAP ZEKERIYA,       22SCE0739

                Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:    Defendants by and through its counsel of record.

    Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for

response within forty-five (45) days after service hereof, in the form provided by law, the following

interrogatories and requests for production of documents, the same being continuing in nature,

requiring a supplemental response upon the discovery of other or further information or documents

affecting your response hereto.

    In responding, you are requested to answer fully and produce all documents available to you

or in your possession or in the possession of any agent, insurer, investigator or attorney acting in

your behalf.

                        1.

    State the name and address of any individual or entity with any ownership or lease interest

in the tractor or trailer (including any container or chassis if applicable) driven by Defendant

Zekeriya on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Zekeriya from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Zekeriya on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Zekeriya on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta,

Georgia 30350, copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Zekeriya. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, a copy of the bill of lading for any loads carried by Defendant Zekeriya for the eight day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by Defendant Zekeriya, identify:

(a)     Where the load originated;

(b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load; and

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, the policy of insurance identified in response to Interrogatory No. 9.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Do you contend that Plaintiff caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any trip reports or dispatch records in regard to Defendant Zekeriya for the two week period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, a copy of all driver's logs or time cards for Defendant Zekeriya for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Zekeriya for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Zekeriya on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Zekeriya on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, a copy of Defendant Zekeriya's driver's qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)    Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)    Certification of driver's road test;

(k)    Medical examiners certificate;

(l)    Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)    Training certificates and training documents;

(n)    Drug testing records; and

(o)    Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Zekeriya? If so, please state:

(a)    The date of testing;

(b)    Who performed the test;

(c)    Where the test was performed; and

(d)    The results of the test.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Zekeriya. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on Defendant Zekeriya, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, the accident register for Defendant for the one-year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any driver manuals, guidelines, rules or regulations issued to drivers by

Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Zekeriya. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Zekeriya.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six-month period prior to the incident referred to in the complaint.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by Defendant Zekeriya at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has Defendant ever been disqualified or placed out-of-service? If so, please state for each instance.

(a)     The dates of disqualification; and

(b)     The reason for the disqualification

36.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Zekeriya on the date of the incident referred to in the complaint for the one year period preceding the incident and six month period after the incident.

38.

State the extent of any training provided to Defendant Zekeriya by this Defendant or any outside agency since the date of Defendant Zekeriya's application for employment or the date he began driving for this Defendant, whichever came first.

39.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of any documents regarding any training received by Defendant Zekeriya.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any permits or licenses regarding the tractor and trailer driven by Defendant Zekeriya and the load transported by Defendant Zekeriya at the time of the incident referred to in the complaint.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between this Defendant and Defendant Zekeriya (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

42.

With respect to Defendant Zekeriya, please state the driver's mode of compensation.

43.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision.   (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all motor vehicle records or reports of any kind received from any private

corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Zekeriya since the commencement of said driver's employment with this Defendant up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for Defendant Zekeriya prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state Defendant Zekeriya's date of birth, social security number and driver's license #?

50.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Zekeriya on the date of the incident.

51.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

59.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

61.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta, Georgia 30350, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

62.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Singleton Law Firm, LLC, 8425 Dunwoody Pl, Atlanta,

Georgia 30350, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This _____26_____ day of August, 2022.

Respectfully Submitted,

**SINGLETON LAW FIRM, LLC**

/s/ Donald W. Singleton
By:  Donald W. Singleton
Attorney for Plaintiff
Georgia Bar No.: 649043

8425 Dunwoody Pl.
Atlanta, GA  30350
(770) 889-6010
Fax:  (888) 314-6165
Email: don@dwsingletonlaw.com

Sheriff Number: 22027956    Court Case Number: 22SCE0739

Date Received: 9/7/2022 Time: 12:08 PM

Special Service Inst:

State of Georgia

Gwinnett County

State Court of Cherokee County
**E-Filed**
22SCE0739
9/15/2022 2:00 PM  BW
Patty Baker, Clerk
Civil Division

ATTORNEY'S ADDRESS

SINGLETON LAW FIRM LLC
5445 PEACHTREE DUNWOODY RD
ATLANTA, GA 30342

JEREMY SMITH
PLAINTIFF
VS.
ACS TRANSPORT, LLC., ET AL
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

PROGRESSIVE MOUNTAIN INSURANCE
C/O CT CORP
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046

RECEIVED   2022 SEP -7 PM 12:30   CIVIL DIV. G.C.S.O.

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [ ]    Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ]

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
| | | | | | |

**CORPORATION** [X]

I have this day served the _Progressive Mountain Insurance_ a corporation by leaving a copy of the within action and summons with _Jane Richardson_ in charge of the office and place of doing business of said Corporation in this County.

**TACK AND MAIL** [ ]

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ]

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: _9/8/22_

Time: _____

_W. Coberly   S01332_
Deputy Sheriff

_____
GWINNETT COUNTY GEORGIA

er: 22028126   Court Case Number: 22SCE0739

9/8/2022 Time: 10:49 AM

ce Inst:

State of Georgia

Gwinnett County

State Court of Cherokee County
**E-Filed**
22SCE0739
9/27/2022 3:23 PM  BW
Patty Baker, Clerk
Civil Division

ORNEY'S ADDRESS

GLETON LAW FIRM LLC
45 PEACHTREE DUNWOODY RD
TLANTA, GA 30342

JEREMY SMITH
PLAINTIFF
VS.
ACS TRANSPORT, LLC., NATIONAL CONTINENTAL
INSURANCE CO., ET AL
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

NATIONAL CONTINENTAL INSURANCE
C/O CT CORP
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046

SHERIFF'S ENTRY OF SERVICE

RECEIVED 2022 SEP - 8 AM 11: 23   CIVIL DIV. G.C.S.O.

**PERSONAL** [ ]   Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ]
I have this day served the defendant _____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
|     |           |           |     |     |     |

**CORPORATION** [X]
I have this day served the _National Continental Insurance_ a corporation by leaving a copy of
the within action and summons with _Jane Richardson_ in charge of the office and place of
doing business of said Corporation in this County.

**TACK AND MAIL** [ ]

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ]

Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: _9/12/22_

Time: _____

_W. Coberly  S9332_
Deputy Sheriff

GWINNETT COUNTY GEORGIA